UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITZA ORTIZ SANCHEZ,<br><br>                    Plaintiff,<br><br>-against-<br><br>MAITE ORONOZ; GINA MENDEZ; ANA LOPEZ PRIETO,<br><br>                    Defendants. | 25-CV-3594 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, seeking leave to proceed *in forma pauperis*. Named as Defendants are Maite Oronoz, the Chief Judge of the Supreme Court of Puerto Rico; Gina Mendez, a United States District Judge in Puerto Rico; and Ana Lopez Prieto, an attorney in Puerto Rico. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Puerto Rico.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts claims arising from her suspension in Puerto Rico from the practice of law, and arising from the removal in Puerto Rico of Plaintiff's minor child from her custody. (ECF 1 at 7, ¶ 12.) She has brought numerous prior suits in the United States District Court for the District of Puerto Rico, including a pending action filed in February 2025 against the same Defendants named in this action. *See Ortiz-Sanchez v. Oronoz et al.*, No. 3:25-CV-1118 (JL) (D.P.R.).

Venue of this action is not proper in this district, under Section 1391(b)(1), based on the residence of the Defendants, because Defendants are all alleged to reside in Puerto Rico. Plaintiff also alleges that the events giving rise to her claims took place outside this district, in Puerto Rico, and venue therefore is also not proper here under Section 1391(b)(2). Venue is proper, under Section 1391(b)(1), (2), in the District of Puerto Rico, as the location where Defendants reside and the claims arose. 28 U.S.C. § 119.

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, the Court transfers this action to the United States District Court for the District of Puerto Rico, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Puerto Rico (San Juan Division). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 1, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                Chief United States District Judge