UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITZA ORTIZ SANCHEZ,<br><br>                  Plaintiff,<br><br>-against-<br><br>MAITE ORONOZ; GINA MENDEZ; ANA LOPEZ PRIETO,<br><br>                  Defendant. | 25-CV-3594 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated May 2, 2025, the Court directed that Plaintiff's complaint be transferred to the United States District Court for the District of Puerto Rico, under 28 U.S.C. § 1406, because all defendants reside in Puerto Rico, Plaintiff's claims arose in Puerto Rico, and she already had an action against the same defendants pending in Puerto Rico. (ECF 8.)

On May 5, 2025, Plaintiff filed a motion for reconsideration, in which she opposed transfer. For the reasons set forth below, the Court concludes that Plaintiff has not shown any reason why this action should not be transferred.

## DISCUSSION

The transfer of an action divests the transferor court of jurisdiction over that action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957). The transferor court retains jurisdiction, however, "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Under Local Civil Rule 83.1 of this court, the Clerk of Court waits seven days before effectuating transfer, unless directed to act otherwise. Here, the transfer order was entered on the docket on May 2, 2025, and Plaintiff filed her opposition to transfer on May 5, 2025, before transfer took effect. The Court therefore retains jurisdiction to consider Plaintiff's motion.

In Plaintiff's motion for reconsideration, she expresses concern that the transfer would prevent her from withdrawing her lawsuit in Puerto Rico, *Ortiz*, No. 25-CV-1118 (JL) (D.P.R.), which she filed on or around February 28, 2025, and believes has been intentionally stalled as no action has been taken. (ECF 9 at 2.) Plaintiff asserts that the Honorable Joseph Laplante, who is presiding over that matter, is biased and incapable of providing her a fair trial. Plaintiff also contends that she has been denied access to court documents.

In addition, Plaintiff argues that the Commonwealth Court System in Puerto Rico is institutionally biased against her, as it is closely tied to the defendants, and has already publicly, repeatedly and openly expressed prejudice. (*Id.* at 2-3.) Plaintiff argues that "it is only in this Court that the Plaintiff can be assured that [her] dispute with the Administration of the Commonwealth Judiciary will be fairly and impartially adjudicated." (*Id.* at 3.)

Plaintiff asks the Court to reconsider the transfer order or, in the alternative, she requests "leave to withdraw Hon. Judge Laplante's case, and recuse the entirety of all officers of the court within the PRDC, listed under case *Ortiz v. Oronoz et al*, 25-CV-1118, so that the Southern District of New York can finally honor the plaintiff, with her very first or the one day in court that has been obstructed for decades."[1]

---

[1] Plaintiff asserts claims arising from her suspension in Puerto Rico from the practice of law, and arising from the removal in Puerto Rico of her minor child from her custody. Plaintiff contends that "[t]he statute of limitation will never run out, as it continues to be extended with each convulsion and foreseeable punitive damages, to say the least . . . ." (ECF 9 at 5.)

Plaintiff's allegations of bias are vague, conclusory, and lack any factual basis. The fact that Plaintiff's complaint in *Ortiz*, No. 25-CV-1118 (JL) (D.P.R.), has been pending before Judge LaPlante without action for several months does not establish bias or that he is incapable of providing a fair trial. Plaintiff has not shown any reason why the order transferring this action to the United States District Court for the District of Puerto Rico should not take effect.

## CONCLUSION

The Clerk of Court is directed, without further delay, to transfer this action to the United States District Court for the District of Puerto Rico. Whether Plaintiff should be permitted to proceed without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge